IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VENICE FINE WINES & SPIRITS AND SATEK WINERY<br><br>　　　Plaintiff,<br><br>vs.<br><br>JEROME WORLEY, Director, Florida Alcohol Beverage & Tobacco<br><br><br><br><br>　　　Defendants. | CASE NO.<br><br><br><br>**COMPLAINT**<br><br>**42 U.S.C. § 1983 (COMMERCE CLAUSE)** |

## **INTRODUCTION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of Florida laws, rules, and practices that allow in-state wine producers to self-distribute their products directly to Florida retailers without using a separate wholesaler, but prohibit out-of-state wine producers from doing so. Plaintiffs seek a declaratory judgment that this scheme discriminates against out-of-state wine producers in violation of the dormant Commerce Clause. Plaintiffs seek an injunction prohibiting Florida state officials from enforcing the ban and requiring them to permit out-of-state wine producers to self-distribute their products to Florida retailers upon terms equivalent to those given to in-state producers.

## JURISDICTION

1. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging violation of rights and privileges under the United States Constitution.

2.      The Court has the authority to grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PLAINTIFF

3.   Plaintiff Venice Fine Wine & Spirits operates a retail store in Venice, Florida. It is licensed by the state of Florida and the Federal Alcohol and Tobacco Tax and Trade Bureau. It sells fine wines to consumers at its retail store.  It purchases its wines through the Florida three-tier system. It would like to receive wines from Satek Winery and other out-of-state wineries by self-distribution.

4.   Satek Winery is a small craft winery located in Freemont, Indiana. It would like to self-distribute its wines directly to Venice Fine Wines and Spirits and to other Florida retailers.  Satek has won numerous state and regional awards.

5.   The principals of Venice Fine Wines & Spirits and Satek Winery have spoken together. They have informally discussed a marketing plan for Satek, including a wine tasting at the Venice store, if the law changes. The owner of Venice Fine Wines & Spirits has received and tasted Satek wines.

## DEFENDANT

6.   Jerome Worley is the Director of the Florida Alcohol Beverage and Tobacco Board. His office is responsible for enforcing Florida's alcoholic beverage laws, including those related to licensing, distribution, and sale of wine.

### Commerce Clause Violation

7.      Plaintiffs repeat and re-allege paragraphs 1-6 as if fully set out herein.

4935-1819-4849, v. 1

8.    Florida statute § Sec 561.14 permits a Florida Winery to self-distribute to a Florida retailer.

9.  There is no law, regulation, or permit that would allow an out-of-state winery such as Satek Winery to have the same privileges. A Florida farm winery may operate under all three tiers of Florida's three-tier system.

10. There are approximately 35 commercial wineries in Florida holdings farm winery permits. Several Florida wineries self-distribute to retailers in the state.

11.  Self-distribution costs a wine producer less than distribution through a third-party wholesalers, giving the producer control over the cost to retailers and the delivery schedule.

12.  Pursuant to Florida statute 561.57 (2), a Florida farm winery may only make deliveries using its own vehicle. This provision discriminates against Satek and other out-of-state wineries that cannot use their vehicle to make deliveries in Florida due to distance constraints that would require them to use common carriers. Satek's inability to self-distribute to Florida retailers via a common carrier constitutes economic discrimination.

13.    Self-distribution ensures that a Florida wine producer can distribute its products to retailers state-wide, even if it cannot find a wholesaler willing to carry its wine, and without interruptions caused by third-party wholesaler decisions about carrying, marketing, and pricing the wine.

14.  Some Florida wine producers have exercised this wholesale privilege and self-distribute their wine to retailers, restaurants, and bars in Florida.

15.    Satek Winery is located in the State of Indiana and is licensed as a wine manufacturer. It is not eligible for a Florida farm license because it is not located in Florida, the owner is not a Florida citizen and resident, and its processing facilities are not located in Florida. Furthermore, it does not own or operate a vineyard in Florida of five (5) acres of more.

16.    No other Florida license or permit is available to Satek Winery that would allow it to self-

distribute its wine from its out-of-state premises to retailers, restaurants, and bars in Florida without using a third-party wholesaler.

17.    Without a Florida Farm Winery license or its equivalent, it is unlawful for Satek Winery or any other out-of-state winery to self-distribute its wine to Florida retailers. Both the seller and the buyer may be charged with a crime if Satek Winery self-distributes to Venice Fine Wines & Spirits under the current law.

18.    Any criminal conduct on the part of Satek Winery subjects it to the denial, suspension, revocation, or nonrenewal of its winery license under Indiana laws.

19.    Wholesalers charge fees to distribute wine, so the use of a separate third-party wholesaler marks up the cost of wine to the purchaser and reduces the manufacturer's profit.

20.    Satek Winery has lost profits and the opportunity to expand its business because of the ban on self-distribution to Florida retailers.

21.    Because Florida wine producers can self-distribute their wine to Florida retailers without incurring the cost of using a separate third-party wholesaler, they have a competitive advantage over similarly situated wine producers from other states, including Satek Winery.

22.    Wine purchased directly from the producer has economic and business advantages including avoiding the wholesaler's cost markup, eliminating the risk that the wholesaler will carry an insufficient stock of wine, facilitating direct communication with the winery concerning supply issues, and ensuring that the wine will be properly handled and refrigerated between the winery and the retailer.

23.    Satek Winery would distribute its wine directly to Florida retailers, including Venice Fine Wines & Spirits, restaurants, and bars, if permitted to do so.

24. Satek Winery would obtain a Florida license or its equivalent if one were available and would submit records, remit taxes on wine distributed to retailers in the state, and comply with other non-discriminatory state regulations.

25. The prohibition against self-distribution by out-of-state wine producers discriminates against out-of-state entities, protects the economic interests of Florida wholesalers, and shields Florida wineries from interstate competition in violation of the Commerce Clause of the United States Constitution.

26. The prohibition against self-distribution by out-of-state wine producers to licensed Florida retailers advances no public health or safety purpose that could not be served by other nondiscriminatory alternatives and therefore is not protected by the Twenty-first Amendment. This would include direct wine shipping permit for out of state wineries,

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief:

A. Judgment declaring that the provision in Florida statutes and regulations that allows Florida wineries to operate in all three tiers but bans out-of-state wineries from enjoying the same privileges as wine manufacturer licenses may be issued only to applicants who are citizens of the state of Florida is unconstitutional under the Commerce Clause.

B. Judgment declaring the provision in the Florida Statutes that only a resident of Florida can qualify to obtain a Florida Farm Winery License.

C. Judgment declaring that the provision in the Florida Statutes requiring that all farm winery premises shall be located within the state of Florida is unconstitutional under the Commerce Clause.

D.  Judgment declaring that the provision in the Florida Statutes that a farm winery license may be issued only to persons who process the wine in Florida and own a vineyard of at least five (5) acres is unconstitutional under the Commerce Clause.

E.  An injunction prohibiting the defendant from enforcing the residency restrictions under Florida statutes.

F.  Judgment declaring that an out-of-state winery may self-distribute its wine to a Florida retailer using a common carrier.

G.  An injunction requiring the defendant to take applications for and issue a farm winery license or its equivalent to wine manufacturers located outside Florida that allow them to sell and distribute their wine directly to Florida retailers. As an alternative, permit out-of-state wineries to self-distribute to Florida retailers without obtaining a Florida farm winery license.

H.  An injunction prohibiting the defendants from interfering with or preventing wine sales and deliveries directly to a Florida retail establishment from any out-of-state winery that has applied for a Florida farm winery permit, or from charging the winery or retailer with a violation of law under Florida statutes and regulations.

I.  Plaintiff does not request that the State of Florida be enjoined from collecting any taxes due on wine sold directly from a producer to a retailer.

J.  An award of attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

K.  Such other relief as the Court deems appropriate.

4935-1819-4849, v. 1

Dated this 13th day of April 2026

**ATTORNEYS FOR PLAINTIFF**

*/s/Brian R. Kopelowitz*
Brian R. Kopelowitz
Attorney No. 97225
Kopelowitz Ostrow PA
1 W Las Olas Blvd
Fort Lauderdale, FL 33432
954.525.4100 phone
954.525.4300 fax

*/s/Robert D. Epstein*
Robert D. Epstein
Attorney No: 6726-49
Epstein Seif Porter & Beutel
The Meridian Centre
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
317.639.1326 phone
317.638.9891 fax

*/c/Chase T. Wilson*
Chase T. Wilson
Attorney No.: 34258-49
Hurst Limontes, LLC
50 South Meridian St. Suite 600
Indianapolis, IN 46204
317.636.0808 phone
317.633.7680 fax

4935-1819-4849, v. 1